IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Nehls,                    :

    Plaintiff,               :

  v.                              :   Case No. 2:08-cv-1008

Michael J. Astrue,                :   JUDGE SARGUS
Commissioner of Social Security,
                                  :
    Defendant.

ORDER

On February 27, 2010, plaintiff's counsel filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. §406(b). Counsel requests a fee of $5,110. For the following reasons, the motion will be held in abeyance pending the receipt of further information.

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991). Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court. Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997). Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision. Dearing v. Secretary of HHS, 815 F.2d 1082 (6th Cir. 1987).

The Court notes the following deficiencies in the motion. First, it never expressly states the total amount of past due benefits awarded to the plaintiff, so that the 25% calculation can be made. A letter from the Social Security Administration is attached to the motion, but it does not indicate a lump sum award. Rather, it lists a monthly benefit amount to be paid beginning in January, 2003, but it also states that "We are withholding your Social Security benefits for January 2003 through August 2009" because those benefits might have to be reduced if he receives SSI for that period. It also says, when

listing the monthly amounts due, that these amounts must be rounded down to the nearest dollar. Without further information as to the precise amount of the benefits awarded, the Court simply has no way of knowing whether the fee requested is 25% of the past due benefits.

The other not directly addressed by the motion is the <u>Dearing</u> issue. This case became ripe for decision on May 8, 2009, when the parties filed a joint motion for remand. Three months after that date is August 8, 2009. Again, the Court is unable to determine from the information submitted the exact amount of past due benefits which had accrued on that date.

For the foregoing reasons, the motion for fees (#20) is held in abeyance. Within fourteen days, counsel shall supplement the motion with the information necessary for the Court to do a proper evaluation of the fee request.

                                            <u>/s/ Terence P. Kemp</u>
                                            United States Magistrate Judge